MURDOCK, Justice (dissenting).
I dissent from the judgment of this Court because I believe this Court can and, given the posture of the issue presented, should proceed to decide the legal question it is remanding to the trial court.
I agree that tort-of-outrage claims are not necessarily limited to the three categories we commonly have recognized as appropriate for such a claim. We have emphasized that "[t]he tort of outrage is an extremely limited cause of action," which we traditionally have "recognized ... in *678 regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context ...; (2) barbaric methods employed to coerce an insurance settlement ...; and (3) egregious sexual harassment." Potts v. Hayes, 771 So.2d 462, 465 (Ala. 2000) (citations omitted). But we also have observed that the tort of outrage is not "viable in only the three circumstances noted in Potts." Little v. Robinson, 72 So.3d 1168, 1173 (Ala. 2011).
Thus, the trial court erred to the extent it dismissed Wilson's claim solely on the ground that her claim did not fall into one of those three categories. But the trial court's erroneous rationale does not necessarily require us to reverse its judgment or to remand this case. "This Court may affirm a trial court's judgment on 'any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.' " General Motors Corp. v. Stokes Chevrolet, Inc., 885 So.2d 119, 124 (Ala. 2003) (quoting Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala. 2003) ). "This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance ...." University of Alabama Health Servs., 881 So.2d at 1020.
In this instance, the main opinion reverses the judgment of the trial court and remands with the instruction that the trial court "should, under the standard appropriate for a motion to dismiss under Rule 12(b)(6), [Ala. R. Civ. P.,] determine whether the alleged conduct was 'so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society.' " 266 So.3d at 677. In other words, the trial court is being instructed to determine whether the facts alleged by Lisa Wilson, assuming they could be proven, state a cognizable tort-of-outrage claim under Alabama law. This is a legal determination this Court is permitted to undertake just as rightfully as the trial court, and I see no reason for us to forgo that responsibility in this case. Nor is there is any due-process hindrance in doing so, because the parties-in both the trial court and in this Court-provided well fleshed out arguments as to whether the alleged facts in this case rise to the level of a cognizable tort-of-outrage claim under Alabama law. As this case is postured, I see no need to require the trial court to perform a legal analysis that this Court could proceed to perform without the necessity of a remand.
Because the main opinion does not specifically address whether Wilson has stated a cognizable tort-of-outrage claim, I decline to do so as well. But see generally American Rd. Serv. Co. v. Inmon, 394 So.2d 361, 364-65 (Ala. 1980) (noting that the tort of outrage "does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities' " (quoting Comment, Restatement (Second) of Torts § 46 p. 73 (1948) ).
Sellers, J., concurs.